**Jerry GREER; Jennifer Greer, Plaintiffs–Appellants,**

v.

**STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Defendant–Appellee.**

**No. 12–35056.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2013.*

Filed Nov. 27, 2013.

Lisa Terra Hunt, Law Office of Lisa T. Hunt, LLC, Portland, OR, for Plaintiffs–Appellants.

David Dodds Vanspeybroeck, Laurie Rebecca Hager, Sussman Shank LLP, Portland, OR, Defendant–Appellee.

Before: M. SMITH and HURWITZ, Circuit Judges, and MAHAN, District Judge.**

MEMORANDUM ***

Jerry and Jennifer Greer appeal a summary judgment dismissing their claims against State Farm Fire and Casualty Company and awarding State Farm $213,210 on its counterclaim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

In seeking replacement costs for their home from State Farm, their insurer, the

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James C. Mahan, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Greers submitted a fraudulent construction contract. The Greers recklessly misrepresented a material fact by sending State Farm the forged contract, *Millikin v. Green*, 283 Or. 283, 583 P.2d 548, 550 (1978) (en banc); *Santilli v. State Farm Life Ins. Co.*, 278 Or. 53, 562 P.2d 965, 967 (1977), and State Farm justifiably relied on that contract in paying replacement costs. *Cocchiara v. Lithia Motors, Inc.*, 353 Or. 282, 297 P.3d 1277, 1286 (2013) (en banc); *Crawford v. Standard Ins. Co.*, 49 Or.App. 731, 621 P.2d 583, 586 (1980). State Farm was entitled to the amount paid in reliance on the misrepresentation, Or. Rev. Stat. § 742.208, and therefore properly received judgment on its counterclaim. The Greers' material misrepresentation also voided the insurance policy. Or. Rev. Stat. § 742.208. Their claim for personal property loss under the policy was therefore correctly dismissed.

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.